SETH E. PIERCE (SBN 186576)
  sep@msk.com
CHRISTOPHER A. ELLIOTT (SBN 266226)
  cae@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
DreamWorks Animation L.L.C.
(successor in interest to DreamWorks Animation Television, LLC),
NBCUniversal, LLC, Jen Yip, and Peter Gal

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaunt Nigoghossian,<br><br>    Plaintiff,<br><br>    v.<br><br>DreamWorks Animation Television, LLC; NBCUniversal, LLC; Entertainment Partners Enterprises LLC; Jen Yip; Peter Gal; Veronica Blakney; and Does 1 to 100, inclusive,<br><br>    Defendants. | CASE NO. 2:24-cv-10472<br><br>**DEFENDANTS DREAMWORKS ANIMATION L.L.C. (SUCCESSOR IN INTEREST TO DREAMWORKS ANIMATION TELEVISION, LLC), NBCUNIVERSAL, LLC, JEN YIP, AND PETER GAL'S NOTICE OF REMOVAL**<br><br>(Removed from Los Angeles Superior Court Case No. 24STCV28030)<br><br>(Federal Question Jurisdiction: 28 U.S.C. §§ 1331, 1441)<br><br>[Declarations of Christopher A. Elliott and Jennifer Yip, Certificate of Interested Parties and Corporate Disclosure Statement Pursuant to FRCP 7.1. and Local Rule 7.1-1, and Civil Cover Sheet filed concurrently herewith] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SHAUNT NIGOGHOSSIAN AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants DreamWorks Animation L.L.C., the successor in interest to DreamWorks Animation Television LLC ("DreamWorks"), NBCUniversal, LLC, Jen Yip, and Peter Gal (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1331 and 1441(a) and 1446 on the following grounds:

## I.  THE ACTION

On or about October 25, 2024, Plaintiff Shaunt Nigoghossian ("Plaintiff") commenced an action in the Superior Court of California for the County of Los Angeles entitled *Shaunt Nigoghossian, Plaintiff v. DreamWorks Animation Television, LLC, NBCUniversal, LLC, Entertainment Partners Enterprises, LLC, Jen Yip, Peter Gal, Veronica Blakney, and Does 1-100, inclusive, Defendants*, Case No. 24STCV28030 (the "Action").

Plaintiff's Complaint asserts claims for relief arising out of Plaintiff's Employment with DreamWorks. Specifically, Plaintiff alleges the following causes of action against Defendants: (1) Discrimination In Violation of the FEHA; (2) Hostile Work Environment Harassment In Violation of the FEHA; (3) Retaliation In Violation of the FEHA; (4) Failure to Prevent Discrimination, Harassment, or Retaliation In Violation of FEHA; (5) Breach of Express Oral Contract Not To Terminate Employment Without Good Cause; (6) Breach of Implied-In-Fact Contract Not To Terminate Employment Without Good Cause; (7) Negligent Hiring, Supervision, and Retention; (8) Wrongful Termination of Employment In Violation of Public Policy; (9) Whistleblower Retaliation (Labor Code § 1102.5); and (10) Intentional Infliction of Emotional Distress.

On November 5, 2024, Plaintiff served CT Corporation Systems, DreamWorks' agent for service of process, with: (1) a Complaint; (2) Summons; (3); Civil Case Cover Sheet and Civil Case Cover Sheet Addendum and Statement of Location; (4) Alternative Dispute Resolutions Packet; and (5) Notice of Case Assignment. A true and correct copy of these documents are attached to the concurrently-filed Declaration of Christopher A. Elliott ("Elliott Decl.") as Exhibits A, B, C, D and E, respectively.

Pursuant to 28 U.S.C. Section 1446(a), copies of all other process, pleadings, order, and other papers or exhibits of every kind served upon and/or available to Defendant are attached to the Elliott Decl. as follows:

- Exhibit F: Notice of Case Management Conference, dated November 4, 2024.
- Exhibit G: Notice of Order to Show Cause Hearing, dated November 4, 2024.
- Exhibit H: Proof of Personal Service on NBCUniversal, LLC, filed by Plaintiff on November 6, 2024.
- Exhibit I: Proof of Personal Service on Entertainment Partners Enterprises, LLC, filed by Plaintiff on November 6, 2024.
- Exhibit J: Proof of Personal Service on DreamWorks, filed by Plaintiff on November 6, 2024.
- Exhibit K: Notice of Case Reassignment and Order for Plaintiff to Give Notice, dated December 4, 2024.

No Defendant has yet filed a responsive pleading in the Action. Elliott Decl., ¶ 17. Defendants Jen Yip, Peter Gal, and Veronica Blakney have not yet been served or appeared in the Action. *Id.* ¶ 16.

## II.   TIMELINESS OF REMOVAL

A defendant in a civil action has thirty days from the date it is validly served with a complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1).

DreamWorks and NBCUniversal, LLC were served with the Complaint on November 5, 2024 and so they have up to and until December 5, 2024, to remove the Action. Consequently, this Notice of Removal is timely.

The consent of unserved Defendants, including fictitious "Doe" defendants, is not required. 28 U.S.C. § 1446(b)(2)(A) (requiring only the consent of all defendants that have been "properly joined and served"). All Defendants that have been served in the Action consent to this removal. Elliott Decl. ¶¶ 18-19. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient [to satisfy requirement that all served defendants join removal.]").

### III. SUBJECT MATTER JURISDICTION

#### A. Basis of Original Jurisdiction

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, as it is an action arising under federal law. Specifically, as set forth in more detail below, this action is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 141 *et seq.*, because Plaintiff's claims arise from or require the interpretation of a collective bargaining agreement ("CBA") governing the terms and conditions of Plaintiff's employment. This action therefore may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(a) and (c).

#### B. Preemption by the Labor Management Relations Act

Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction

of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

As applied, Section 301(a) wholly preempts any and all purported state law causes of action by an employee concerning a dispute over his terms and conditions of employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of a collective bargaining agreement." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000); *Firestone v. S. Cal. Gas Co.*, 281 F. 3d 801, 802 (9th Cir. 2002) ("a state law claim is preempted [by Section 301] if it necessarily requires the court to interpret an existing provision of a collective bargaining agreement ('CBA') that 'can reasonably be said to be relevant to the resolution of the dispute.'[Citation]"); *Hyles v. Mensing*, 849 F.2d 1213, 1215 (9th Cir. 1988) (even if no federal question appears on the face of the complaint, removal is proper because state action was really a claim for breach of the collective bargaining agreement and thus preempted by Section 301).

Pursuant to the "artful pleading" doctrine, a claim arises under and is governed by Section 301(a) if the nature of the claim depends upon or requires interpretation of a CBA, even if the plaintiff omits reference to the CBA in her lawsuit or purports to base her claims on state law. *Hyles*, 849 F.2d at 1216 (even if no federal question appears on the face of the complaint, removal is proper because "[t]o determine whether section 301 preempts a state tort claim, we do not look to how the complaint is cast. Rather, we inquire whether 'the claim can be resolved only by referring to the terms of the CBA.'"); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("Stallcop's complaint does not reveal that her employment is governed by a collective bargaining agreement, but this is not dispositive under the 'artful pleading' doctrine. Under this doctrine, the court may

5
NOTICE OF REMOVAL

investigate the true nature of the plaintiff's allegations; if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted."); *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir. 1984) ("employees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement. . . In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law.").

The Ninth Circuit applies the two-step *Burnside* test (named for *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)) to determine whether LMRA preemption applies. First, the court "ask[s] whether the asserted cause of action involves a right that exists solely as a result of the CBA." *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1152-53 (9th Cir. 2019). If it does, preemption applies and there is federal jurisdiction over the claim. If not, the court proceeds to the second step and determines whether the claim requires interpreting the "scope, meaning, or application" of the collective bargaining agreement. If that is the case, preemption applies and there is federal jurisdiction over the claim.

Plaintiff's Complaint in the Action asserts claims that implicate both step one and step two of the *Burnside* test.

### C. Collective Bargaining Agreements at Issue

Plaintiff was employed first as a Supervising Producer, then an Executive Producer, by DreamWorks. Complaint ¶¶ 11-12. Although his Complaint does not mention his union status, Plaintiff was a member of The Animation Guild and Affiliated Optical Electronic and Graphic Arts, Local #839 of the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists

and Allied Crafts of the United States, its Territories and Canada (the "Animation Guild"). The Animation Guild is a "labor organization" as defined by the LMRA.

Plaintiff's employment was at all times covered by and subject to the terms of a collective bargaining agreement between the Animation Guild, the International Alliance of Theatrical Stage Employees and Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories and Canada ("IATSE"), and the Alliance of Motion Picture and Television Producers, of which DreamWorks is a member. Declaration of Jennifer Yip ("Yip Decl."), ¶¶ 3, 6. Copies of the applicable collective bargaining agreements, effective 2018 and 2021, respectively, are attached as Exhibits 1 and 2 to the Yip Declaration (the "Agreements"). The Agreements are "contracts" between a "labor organization" and an "employer" as those terms are defined by the LMRA Section 301(a).

The Agreements were also incorporated into Plaintiff's written employment agreement with DreamWorks. Yip Decl. ¶ 7, Ex. 3 § 4.2.

### D. Plaintiff's Fifth and Sixth Causes of Action Are Preempted

In Plaintiff's Fifth Cause of Action for Breach of Express Oral Contract Not To Terminate Employment Without Good Cause, Plaintiff alleges that Defendants entered an oral agreement not to terminate his employment except for good cause, and that Defendants breached that oral agreement. Complaint, ¶¶ 75-77. Similarly, in Plaintiff's Sixth Cause of Action Breach of Implied-In-Fact Contract Not To Terminate Employment Without Good Cause, Plaintiff alleges that Plaintiff and Defendants entered into an implied contract requiring that Defendants have good cause to terminate Plaintiff's employment, and that Defendants breached that implied contract. Complaint, ¶¶ 79-81.

Plaintiff's Fifth and Sixth Causes of Action are preempted by Section 301 of the LMRA because those causes of action "involve[] a right that exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152-53. Under California law, employment is presumed to be at-will, and can be terminated without cause. *Hoy v.*

*Sears, Roebuck & Co.*, 861 F. Supp. 881, 884-85 (N.D. Cal. 1994) (Labor Code Section 2922 "creates a presumption that employment is terminable 'at will'" which "may be rebutted only by evidence of an express or implied agreement that the employment will terminate only 'for cause'.").

The Agreements, however, expressly address this topic and explicitly establishes Plaintiff's right not to be terminated except for cause. Specifically, Article 16 of the Agreements provides that employees subject to the Agreements "may be discharged or disciplined for any reason during his first ninety (90) days of employment ('Probation Period')," but that "Employees who have completed the applicable Probation Period shall only be disciplined or discharged for cause." Yip Decl. Exs. 1-2. Plaintiff was outside the Probation Period. Complaint ¶¶ 11, 14.

Accordingly, Plaintiffs' Fifth and Sixth Causes of Action are preempted. They are nothing more than disguised or artfully pleaded claims for breach of the Agreements. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (where plaintiff asserts breach of oral contract claim and "the subject matter of her contract, however, is a job position covered by the CBA … the CBA controls and the contract claim is preempted"); *Garcia v. Rite Aid Corp.*, 2017 WL 1737718, at *5 (C.D. Cal. May 3, 2017) (causes of action for alleged breach of an express oral contract and an implied-in-fact contract not to terminate without good cause "are preempted by the LMRA and provided a basis for removal of this action"). Plaintiff could have pleaded his breach of oral contract and breach of implied contract claims as breach of the Agreements, over which a federal court would have jurisdiction pursuant to Section 301. His claims "can thus be characterized as a section 301 claim and removed as completely preempted." *See Young*, 830 F.2d at 998.

Further, the resolution of Plaintiff's claim not to terminate without cause, however characterized, and among other claims, will require interpretation of the

Agreements, which provide a partial, but not complete, definition of what constitutes "cause." This implicates step two of the *Burnside* test and further supports a finding of preemption.

### E. Supplemental Jurisdiction

Any causes of action in the Complaint that are not preempted by the LMRA and independently removable fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367. All of Plaintiff's causes of action in the Complaint arise out of the same common nucleus of operative facts as the preempted causes of action and "form part of the same case or controversy," and are thus claims over which the Court can exercise supplemental jurisdiction. 28 U.S.C. § 1367(a). *See generally*, Complaint.

## IV. VENUE

Venue properly lies in the Central District of California, Western Division, because it is the district and division embracing the place where the Action is pending—the Los Angeles County Superior Court. See 28 U.S.C. § 84(c); § 1441(a).

## V. CONCLUSION

Accordingly, Defendants hereby remove the Action to the United States District Court for the Central District of California, Western Division.

DATED: December 5, 2024

MITCHELL SILBERBERG & KNUPP LLP
SETH E. PIERCE
CHRISTOPHER A. ELLIOTT

By: */s/ Christopher A. Elliott*
Christopher A. Elliott
Attorneys for Defendants
DreamWorks Animation L.L.C. (successor in interest to DreamWorks Animation Television, LLC), NBCUniversal, LLC, Jen Yip, and Peter Gal